## STATE IN THE INTEREST OF B. H., A JUVENILE.

Juvenile and Domestic Relations Court,
Bergen County

Decided September 4, 1970.

*Messrs. Breslin and Breslin,* attorneys for complaining witness (*Mr. Michael Breslin,* appearing).

*Mr. Nathan Cholodenko,* attorney for juvenile.

ROSENBERG, ABRAHAM L., J. J. & D. R. C.   This is a motion to dismiss a complaint charging juvenile delinquency in the perpetration of assault and battery in violation of the Disorderly Persons Act, *N. J. S.* 2A:170–26.

The issue herein, apparently undecided in this State, is the applicability of the statute of limitations governing prosecutions under the Disorderly Persons Act to proceedings thereunder against Juveniles. *N. J. S.* 2A:169–10 provides that no person shall be prosecuted for a violation of the Disorderly Persons Act unless the complaint therefor be filed within one year from the commission or discovery of the offense, the limitation not applying to any person fleeing from justice. The complaint alleges that the assault and battery occurred on March 10, 1969. *R.* 5:3–2 requires that all matters in the Juvenile and Domestic Relations Court shall be instituted by the *filing* of a written complaint. The complaint herein was filed on March 11, 1970. *State v. Rhodes,* 11 *N. J.* 515 (1953) specifies that

\* \* \* our courts have generally followed what is now customarily described as the common law rule, that statutory periods of limitation will be computed by excluding the first day, and including the

last day unless it falls on Sunday or other *dies non*, in which event the following day is included. [520]

March 10, 1970 was not *dies non*, and therefore under this rule of computation the complaint herein was filed one day after the expiration of the statute of limitations pertaining to the Disorderly Persons Act. At common law there was no limitation as to the time within which offenses could be prosecuted. Limitations on prosecution are a matter of legislative enactment and unless a period of prescription is fixed thereby prosecution will not be barred by the lapse of time. 22 *C. J. S.* Criminal Law § 223, page 572. The Juvenile and Domestic Relations Court Act, *N. J. S. A.* 2A:4–14, does not establish any time limitation for the prosecution of juvenile delinquency, and it therefore follows that proceedings under the complaint herein would not be barred unless the limitation pertaining to violation of the Disorderly Persons Act are tenable in bar.

██ The tolling of the statute of limitations is a matter of defense and must be raised by a defendant as an issue for the trier of the facts. *Board of Health, Hillsdale v. Tandy & Allen*, 29 *N. J. Super*. 61 (Cty. Ct. 1953) ; *State v. Greenberg*, 16 *N. J.* 568 (1954). The State concedes the lapse of the statutory period and does not contend that the juvenile was a fugitive from justice at any time during that period.

In *Ex parte Newkosky*, 94 *N. J. L.* 314 (Sup. Ct. 1920), the court denied bail pending appeal from an adjudication of delinquency, holding that the proceedings were essentially civil, nonpunitive and predicated on the Chancery doctrine of *parens patriae*. Since this decision, however, juvenile delinquency prosecutions have been regulated by an increasing number of procedural requirements heretofore pertaining to the criminal or penal process only. This development is evidenced by the following decisions and rules: the right to a hearing and to be present thereat; to have the assistance of counsel and be allowed to present relevant facts at pro-

ceedings to transfer the cause to the criminal courts. *State v. Van Buren,* 29 *N. J.* 548 (1959), *State v. Tuddles,* 38 *N. J.* 565 (1962); *R.* 5:9–5(b); the right to counsel when the hearing may result in institutional commitment, *In re Gault,* 387 *U. S.* 1, 87 *S. Ct.* 1428, 18 *L. Ed. 2d* 527 (1967), *R.* 5:9–1(c)(d); to apply for suppression of evidence resulting from an illegal search or seizure. *State in the Interest of L. B.,* 99 *N. J. Super.* 589 (J. D. R. C. 1968), *State v. Lowry,* 95 *N. J. Super.* 307 (Law Div. 1967); *R.* 5:8–9; to a voluntary disclosure when a confession is elicited, *In re Carlo,* 48 *N. J.* 224 (1966); to corroboration of the confession, *State in the Interest of B. D.,* 110 *N. J. Super.* 585 (App. Div. 1970); to the sequestration of witnesses, *State in the Interest of W. O.,* 100 *N. J. Super.* 358 (App. Div. 1968); to proof of the charges beyond a reasonable doubt, *State in the Interest of J. M.,* 110 *N. J. Super.* 337 (App. Div. 1970); *In re Winship,* 397 *U. S.* 358, 90 *S. Ct.* 1068, 25 *L. Ed.* 2d 368 (1970), *R.* 5:9–1 (f) and failure to testify may not be utilized to create an inference of guilt, *State in the Interest of L. M.,* 56 *N. J.* 358 (1970).

The lapse of the statutory period for prosecution is not a procedural defense; it is substantive and jurisdictional. 22 *C. J. S. Criminal Law* § 223, page 574, citing *United States v. Eliopoulos,* 45 *F. Supp.* 777 (D. C. N. J. 1942), *Moore v. State,* 43 *N. J. L.* 203 (E. & A. 1881), *In re Pillo,* 11 *N. J.* 8 (1952). In *Moore v. State, supra,* the court held that:

> * * * this statute is aimed directly at the very right which the state has against the offender, the right to punish, at the only liability which the offender has incurred, and declares that this right and this liability are at an end. [at 209]

And further, as stated in *In re Pillo, supra:*

> In practical effect the lapse of time works an expurgation of the crime. [at 18]

It would indeed be anomolous to award juveniles an ever-expanding shield of procedural protection, but deny them the right to plead a substantive defense; Cf. *State in the Interest of J. M.,* 110 *N. J. Super.* 337 (App. Div. 1970), wherein the statutory elements of the offense were held to be substantive even though the complaint did not set forth the citation of the statute involved. The defense of the statute of limitations, being substantive, should be available to juveniles where the complaint alleges the commission of an adult criminal or penal offense.

The complaint is dismissed.